# Cases

# SECOND DEPARTMENT

AT

# GENERAL TERM,

## July, 1895.

---

PETER S. VAN ORDEN, Appellant, *v.* CHARLES KROUSE and Others, Defendants; HUGH McGINN and Another, Respondents.

*Undertaker — action to impress upon the real estate of a decedent a trust for funeral expenses — demurrer.*

An undertaker, who officiated at the funeral of one Jane McCabe Krouse, was not employed to render the services or furnish the articles. Mrs. Krouse died intestate and no administrator of her estate was appointed.

In an action brought by the undertaker to impress a trust upon certain real estate belonging to her at the time of her death sufficient to pay her funeral expenses, the complaint was demurred to for insufficiency,

*Held,* that there was no legal principle upon which the action could be maintained, and that the demurrer should be sustained.

APPEAL by the plaintiff, Peter S. Van Orden, from a judgment of the Supreme Court in favor of the defendants, Hugh McGinn and another, entered in the office of the clerk of the county of Rockland on the 27th day of April, 1894, upon the decision of the court rendered at the Rockland Special Term dismissing the complaint, with notice of an intention to bring up for review upon such appeal an order of the Special Term, bearing date September 24, 1894, and entered in the Rockland county clerk's office, sustaining the demurrer interposed by said defendants to the complaint.

*Garrett Z. Snider,* for the appellant.

*Wm. F. Wyckoff,* for the respondents.

DYKMAN, J. :

This is an equitable action to impress a trust upon certain real property belonging to Jane McCabe Krouse, deceased, at the time of her death, for her funeral expenses.

She died intestate, and the plaintiff, who was an undertaker, buried her and furnished all the necessary articles for her funeral and interment. The plaintiff was not employed to render the services or furnish the articles. The husband of the deceased is insolvent and she died intestate. No administrator of the estate has been appointed and the plaintiff desired to have his claim declared to be a lien upon the real property of the deceased. There was a demurrer to the complaint for insufficiency, which was sustained, and the plaintiff has appealed from the judgment sustaining the demurrer.

There is no legal principle upon which this action can be maintained and the judgment must be affirmed, with costs.

PRATT, J., concurred; BROWN, P. J., not sitting.

Judgment affirmed, with costs.